IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURLEY JOHN BROUSSARD, JR.,<br><br>    Plaintiff,<br><br>    v.<br><br>RICHARD F. CHARVAT, Superior Court Judge; et al.,<br><br>    Defendants. | No. C 13-4878 LHK (PR)<br><br>ORDER ON REMAND; GRANTING MOTION FOR RECONSIDERATION; VACATING JUDGMENT; RE-OPENING CASE; DISMISSING CASE WITH LEAVE TO AMEND |

Plaintiff, a California state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On December 6, 2013, the court dismissed this action for failure to file a timely and completed application for leave to proceed in forma pauperis ("IFP"). On December 23, 2013, plaintiff filed a notice of appeal with the Ninth Circuit. On January 6, 2014, plaintiff filed a motion for reconsideration of this court's December 6, 2013 judgment. On April 14, 2014, this court dismissed plaintiff's motion because plaintiff had a pending appeal. On August 25, 2014, the Ninth Circuit issued a limited remand for this court to consider whether plaintiff's motion for reconsideration was one of the motions enumerated in Federal Rule of Appellate Procedure 4(a)(4), and if so, to rule on the merits.

///

///

**DISCUSSION**

A.   Limited Remand

Federal Rule of Appellate Procedure 4(a)(4)(A) lists six motions[1] that would toll the time for filing an appeal. For our purposes, the only potentially applicable motions are a motion to alter or amend the judgment, *see* Fed. R. Civ. P. 59(e), and a motion for relief from a final judgment, *see* Fed. R. Civ. P. 60(b).

In plaintiff's motion for reconsideration, plaintiff mostly focuses on what has happened to plaintiff over the course of his criminal history and plaintiff raises unrelated legal challenges and makes reference to other court actions. However, plaintiff also states that prison officials have hampered his attempts to file a timely IFP application. Moreover, attached to plaintiff's motion for reconsideration is a completed application to proceed IFP. Liberally construed, plaintiff appears to be asking for reconsideration based on newly discovered or previously unavailable evidence. In other words, liberally construing plaintiff's motion, it can be inferred to request reconsideration because plaintiff was unable to file the completed IFP application on time because prison officials have been obstructing his attempts to do so.

"In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). A district court has "considerable discretion" in considering a Rule 59(e) motion. *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003).

Plaintiff claims that the prison officials obstructed his attempts to file a timely IFP

---

[1] Specifically: a motion for judgment, *see* Fed. R. Civ. P. 50(b); a motion to amend or make additional factual findings, *see* Fed. R. Civ. P. 52(b); a motion for attorney's fees, *see* Fed. R. Civ. P. 54; a motion to alter or amend the judgment, *see* Fed. R. Civ. P. 59(e); a motion for a new trial, *see* Fed. R. Civ. P. 59(a); and a motion for relief, *see* Fed. R. Civ. P. 60.

1  application, and as a result, plaintiff's case was dismissed.  In support of plaintiff's claim,
2  plaintiff has provided a completed IFP application with his motion for reconsideration.  Based on
3  these allegations, plaintiff's motion for reconsideration appears to fall squarely within Rule 59(e)
4  because the motion is necessary to present newly discovered or previously unavailable evidence.

5  Alternatively, Rule 60(b) provides for relief from a final judgment where one or more of
6  the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly
7  discovered evidence which by due diligence could not have been discovered in time to move for
8  a new trial; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been
9  satisfied; or (6) any other reason justifying relief.  Fed. R. Civ. P. 60(b).

10  Liberally construed, plaintiff's motion for reconsideration could also be construed as a
11  timely filed Rule 60(b) motion.  Rule 60(b)(6) applies where a plaintiff's allegations "set up an
12  extraordinary situation which cannot fairly or logically be classified as mere neglect on his part."
13  *Klapprott v. United States*, 335 U.S. 601, 613 (1949).  If plaintiff's motion is insufficient to
14  warrant reconsideration under Rule 59(e), in light of the circumstances presented and based on
15  plaintiff's allegations, reconsideration of the dismissal of plaintiff's case should be granted as an
16  equitable remedy.  *See* Fed. R. Civ. P. 60(b)(6).

17  Accordingly, the court finds that plaintiff's motion can be construed as one of the
18  motions enumerated in Federal Rule of Appellate Procedure 4(a)(4).  Because the motion falls
19  under Federal Rule of Appellate Procedure 4(a)(4), and was timely filed within 28 days of the
20  entry date of judgment, plaintiff's notice of appeal, filed prior to plaintiff's motion for
21  reconsideration, did not divest this court of jurisdiction.  *See* Fed. R. App. P. 4(a)(4)(B).
22  Accordingly, plaintiff's motion for reconsideration is GRANTED.  The court VACATES the
23  judgment and RE-OPENS this action.

24  Plaintiff is granted leave to proceed IFP in a separate order.  Below the court conducts a
25  preliminary screening of plaintiff's complaint.  For the reasons stated below, the court
26  DISMISSES the complaint with leave to amend.
27  ///
28

Order on Remand; Granting Motion for Reconsideration; Vacating Judgment; Re-Opening Case; Dismissing Case
with Leave to Amend
P:\PRO-SE\LHK\CR.13\Broussard878reodwla.wpd    3

B.   Preliminary Screening of Complaint

   1.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

   2.   Plaintiff's Claims

As plaintiff's complaint currently reads, the court cannot determine what the contours of plaintiff's complaint are. It appears that plaintiff is challenging his criminal proceedings which occurred in 1983 in Los Angeles County. Plaintiff also seems to allege that over the course of his time in prison, plaintiff was the target of false rules violation reports. Because the complaint has several deficiencies which plaintiff must correct, the court will dismiss the complaint with leave to amend.

First, plaintiff cannot challenge his criminal conviction in a Section 1983 action without first demonstrating that the conviction or sentence has been invalidated. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that a suit for damages on a civil rights claim concerning an allegedly unconstitutional conviction or imprisonment cannot be maintained absent proof "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28

1  U.S.C. § 2254." *Heck*, 512 U.S. at 486.  Under *Heck*, the court is required to determine whether
2  a judgment in plaintiff's favor in this case would necessarily invalidate his conviction or
3  sentence. *Id.*  If it would, the complaint must be dismissed unless the plaintiff can show that the
4  conviction or sentence has been invalidated.  The allegations of plaintiff's complaint appear to
5  implicate the validity of plaintiff's state court conviction, and it is not clear that the conviction
6  has been invalidated.  For this reason, unless plaintiff can show that his conviction and sentence
7  have been invalidated, plaintiff may not proceed with claims regarding that conviction or
8  sentence in this action, and plaintiff should not include those allegations in any amended
9  complaint he may elect to file in this action.

10  Second, plaintiff names Ralph M. Diaz, the Secretary of the Department of Corrections
11  and Rehabilitation, as a defendant in this action.  However, liability may be imposed on an
12  individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's
13  actions both actually and proximately caused the deprivation of a federally protected right.
14  *Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d 1062, 1085 (9th Cir. 2013); *Leer*
15  *v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).  Either personal involvement or integral
16  participation of the officers in the alleged constitutional violation is required before liability may
17  be imposed; liability may not be imposed based solely on an officer's presence during the
18  incident. *See Hopkins v. Bonvicino*, 573 F.3d 752, 769-70 (9th Cir. 2009) (holding that although
19  "integral participant" rule may not be limited to officers who provide armed backup, officer who
20  waits in front yard and does not participate in search of residence not an integral participant).
21  Here, plaintiff does not link this defendant to any action or inaction that would demonstrate that
22  defendant is liable for any wrongdoing.  Thus, defendant Ralph M. Diaz is DISMISSED without
23  prejudice.

24  Third, the remaining defendants are either judges, defense counsel, or the prosecutor.
25  Plaintiff's claims against them appear to center around their roles within plaintiff's criminal
26  proceedings.  However, as plaintiff's claims against them currently read, the judges and
27  prosecutor are immune from liability. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)
28

(stating that a state prosecuting attorney enjoys absolute immunity from liability under 42 U.S.C. § 1983 for his conduct in "pursuing a criminal prosecution" insofar as he acts within his role as an "advocate for the State" and his actions are "intimately associated with the judicial phase of the criminal process."); *Pierson v. Ray*, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under 42 U.S.C. § 1983); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (noting the factors in determining whether a particular act is judicial include whether: (1) the events occurred in the judge's chambers, (2) the controversy centered around a case then pending before the judge, and (3) whether the events arose directly and immediately out of a confrontation with the judge in his or her official capacity). In addition, a public defender does not act under color of state law, an essential element of an action under 42 U.S.C. § 1983, when performing a lawyer's traditional functions, such as entering pleas, making motions, objecting at trial, cross-examining witnesses, and making closing arguments. *See Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981). Accordingly, the defendants are DISMISSED without prejudice.

Finally, the complaint does not comply with the requirement that the averments be "simple, concise, and direct." Federal Rule of Civil Procedure 8(a) requires that the complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." "While a complaint . . . does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56, (2007) (citations omitted). A complaint should be dismissed if it does not proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570. Plaintiff should specifically state what happened, when it happened, what each defendant did, and how those actions or inactions rise to the level of a federal constitutional violation. Without this basic information, the plaintiff's case must be dismissed. The amended complaint need not be long. In fact, a brief and clear statement with regard to each claim listing each defendant's actions regarding that claim is preferable.

Accordingly, the complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff will be provided with thirty days in which to amend to correct the deficiencies in his complaint if he can do so in good faith.

## CONCLUSION

For the foregoing reasons, the court hereby orders as follows:

1. Plaintiff's motion for reconsideration is GRANTED. The judgment is VACATED, and the case is RE-OPENED.

2. Plaintiff's complaint is DISMISSED with leave to amend.

3. If plaintiff can cure the pleading deficiencies described above, he shall file an AMENDED COMPLAINT within **thirty days** from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 13-4878 LHK (PR)) and the words AMENDED COMPLAINT on the first page. Plaintiff may not incorporate material from the prior complaint by reference. **Failure to file an amended complaint within thirty days and in accordance with this order will result in a finding that further leave to amend would be futile and this action will be dismissed.**

4. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

5. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The clerk of the court shall serve a copy of this order on the Ninth Circuit Court of Appeals.

1   IT IS SO ORDERED.

2   DATED: 8/26/14

*Lucy H. Koh*

LUCY H. KOH
United States District Judge

Order on Remand; Granting Motion for Reconsideration; Vacating Judgment; Re-Opening Case; Dismissing with Leave to Amend
P:\PRO-SE\LHK\CR.13\Broussard878reodwla.wpd     8