1
2
3
4
5
6
7
8
9
10

**FILED**

NOV 2 4 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11  CURLEY JOHN BROUSSARD, JR.,           )    No. C 13-4878 LHK (PR)
                                          )
12              Plaintiff,                 )    ORDER OF DISMISSAL
                                          )
13       v.                                )
                                          )
14  RICHARD F. CHARVAT, Superior Court     )
    Judge; et al.,                         )
15                                         )
                Defendants.                )
16  _____)

17       Plaintiff, a California state prisoner proceeding *pro se*, filed a civil rights complaint

18  pursuant to 42 U.S.C. § 1983. On December 6, 2013, the court dismissed this action for failure

19  to file a timely and completed application for leave to proceed in forma pauperis ("IFP"). On

20  December 23, 2013, plaintiff filed a notice of appeal with the Ninth Circuit. On January 6, 2014,

21  plaintiff filed a motion for reconsideration of this court's December 6, 2013 judgment. On April

22  14, 2014, this court dismissed plaintiff's motion because plaintiff had a pending appeal. On

23  August 25, 2014, the Ninth Circuit issued a limited remand for this court to consider whether

24  plaintiff's motion for reconsideration was one of the motions enumerated in Federal Rule of

25  Appellate Procedure 4(a)(4). The following day, on August 26, 2014, the court granted

26  plaintiff's motion for reconsideration, vacated the judgment, re-opened this action, and dismissed

27  plaintiff's complaint with leave to amend. The court directed plaintiff to file an amended

28  complaint within thirty days or face dismissal of this action. To date, although plaintiff has filed

Order of Dismissal
P:\PRO-SE\LHK\CR.13\Broussard878dis2.wpd

1  a variety of pleadings, plaintiff has not filed an amended complaint. Thus, this action is
2  DISMISSED without prejudice.

3       In addition, none of these pleadings can be liberally construed as an amended complaint
4  that would allow this action to proceed because, as explained below, none of the pleadings cured
5  the deficiencies as pointed out in the court's August 26, 2014 order.

6       On September 17, 2014, plaintiff filed an "objection" to the court's order granting the
7  motion for reconsideration. (Docket No. 31.) In the objection, plaintiff set forth claims
8  regarding his 1983 convictions sustained in Los Angeles Superior Court. Specifically, plaintiff
9  alleged that the search and seizure warrant was invalid (*id.* at 3, 6-7), the prosecution put on
10  perjured testimony (*id.* at 3), the public defender had a conflict of interest (*id.* at 4), plaintiff's
11  conviction was invalid (*id.* at 5), the evidence admitted at trial was obtained illegally (*id.* at 7-8),
12  plaintiff was subjected to double jeopardy (*id.* at 10), and the AEDPA was unlawful (*id.* at 10).
13  Not only do these allegations fail to state a cognizable civil rights claim, but the court previously
14  notified plaintiff that he could not challenge his criminal conviction in a Section 1983 action
15  without first demonstrating that the conviction or sentence has been invalidated. *See Heck v.*
16  *Humphrey*, 512 U.S. 477 (1994). He has not done so.

17       The court notes that attached to plaintiff's "objection" is a motion for leave to file an
18  amended civil complaint. In that "motion," plaintiff requests that defendant "Ralph M. Diaz" be
19  dismissed,[1] and "Jeffrey Beard," Secretary of the CDCR, be added as a defendant. Even if the
20  court construed plaintiff's motion as an amended complaint, it would be dismissed because it did
21  not cure any of the deficiencies as explained in the court's previous order. Specifically, plaintiff
22  does not link Jeffrey Beard to any action or inaction that would demonstrate that Jeffrey Beard is
23  liable for any wrongdoing.

24       Plaintiff also filed a "motion for order to appear in court." (Docket No. 32.) In it,
25  plaintiff alleges that the CDCR and the California Correctional Peace Officers Association are
26  engaging in unconstitutional conduct. Plaintiff's motion is difficult to understand. He claims

27

28       [1] The court previously dismissed Ralph M. Diaz without prejudice in its August 26, 2014
     order.

1   that he has seen custody officials "staging incidents" and that custody officials plotted against

2   plaintiff to keep him in administrative segregation. Plaintiff also complains about being harassed

3   by prison officials in Kern Valley State Prison and discusses a variety of complaints that he has

4   about the conditions of his confinement. However, plaintiff fails to specifically state what

5   happened, when it happened, what each defendant did, and how those actions or inactions rise to

6   the level of a federal constitutional violation, as the court previously directed him to do.[2]

7         On October 3, 2014, plaintiff filed a "motion for review" and cited to Federal Rules of

8   Civil Procedure 59(e) and 60(b). (Docket No. 35.) A motion to alter or amend judgment under

9   Rule 59 must be made no later than twenty-eight days after entry of judgment. *See* Fed. R. Civ.

10   P. 59(e) (effective Dec. 1, 2009). Similarly, Rule 60(b) lists six grounds for relief from a

11   judgment. Plaintiff's case has not yet resulted in any judgment. Thus, both Rules 59(e) and

12   60(b) are inapplicable. In addition, plaintiff's motion for review includes allegations that his

13   1983 convictions were obtained because the prosecutor manipulated the evidence, the warrant

14   was invalid, and the evidence obtained from the warrant should not have been admitted at trial.

15   Plaintiff further argues that in a separate criminal conviction from Kings County, plaintiff was

16   subjected to double jeopardy and a racial slur by one of the jurors. Again, plaintiff was

17   previously warned that plaintiff could not challenge his criminal conviction in a Section 1983

18   action without first demonstrating that the conviction or sentence has been invalidated. *See Heck*

19   *v. Humphrey*, 512 U.S. 477 (1994).[3] It is possible that plaintiff may have valid federal civil

20   rights claims concerning an alleged unconstitutional conviction obtained as a result of juror bias,

21   for example. However, because plaintiff's allegations appear to implicate the validity of

22   plaintiff's state court convictions and plaintiff has not provided proof that the convictions have

23   been invalidated or reversed, these claims are barred by *Heck*.

24

25       [2] Moreover, because it appears that the events occurred in the Eastern District of

26   California with defendants who are located in the Eastern District of California, even if this court construed plaintiff's "motion for order to appear in court," as an amended complaint, the court

27   would transfer this action to the Eastern District of California.

28       [3] Plaintiff also filed a motion for appointment of counsel as well as a motion for the court to make copies of the exhibits and return documents. (Docket Nos. 33, 36.)

Order of Dismissal
P:\PRO-SE\LHK\CR.13\Broussard878dis2.wpd     3

1    Thus, the instant action is DISMISSED without prejudice. The clerk shall terminate all

2  pending motions, enter judgment and close the file.

3    IT IS SO ORDERED.

4  DATED: __11/24/14__                    _Lucy H. Koh_

5                                          LUCY H. KOH
                                           United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order of Dismissal
P:\PRO-SE\LHK\CR.13\Broussard878dis2.wpd        4